# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
vs. : CR No. 94-024-3-ML
:
NORMAN VERRILL :

## MEMORANDUM AND ORDER

Petitioner Norman L. Verrill has filed a "Petition for Extraordinary Relief . . ." (Doc. #163) (petition) seeking his discharge from imprisonment pursuant to various forms of relief under 28 U.S.C. §1651, Rule 60(b) and otherwise. For the reasons that follow, that petition is denied.

## BACKGROUND AND TRAVEL

Petitioner Norman L. Verrill (Verrill or Petitioner) was convicted in 1994, along with a co-defendant,[1] after a jury trial before District Judge Ronald R. Lagueux of this Court on three counts relating to an armed bank robbery. He was sentenced in 1995 to a total of 264 months imprisonment, followed by five years of supervised release. No fine was imposed, but the Court did impose the statutory special assessment of $50 on each count of conviction. Verrill's conviction and sentence were affirmed by the Court of Appeals. United States v. Rose, 104 F.3d 1408 (1st Cir. 1997). Verrill subsequently filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, which was denied by the Court in 1998.[2]

The instant petition was filed nearly 13 years after Verrill's conviction and sentence for

---

[1] The co-defendant, Jamie Rose, was also found guilty of similar offenses and his conviction affirmed. Two other co-defendants, Christopher Thibodeau and David Vial, pled guilty and were sentenced.

[2] In 2008 Verrill filed a motion for retroactive application of the crack cocaine guideline amendments. The motion was denied by the undersigned, to whom this case was re-assigned. See Memorandum and Order entered on January 5, 2009 (Doc. #152).

armed bank robbery and related offenses became final. The Government filed an objection to the petition. (See Government's Objection to Petitioner's Petition for Extraordinary Relief" (Doc. #165) ["Obj. to Pet."].) Verrill then filed a "Combined Motion for Summary Judgment -- with Rebuttal -- to the Government's Objections ..." (Doc. #168). The Government has objected to the summary judgment motion as well, to which Verrill has further responded.[3] This matter is ready for decision.[4]

## DISCUSSION

In his petition Verrill claims that because he has paid the Court-ordered special assessments, his continued imprisonment constitutes a double punishment in violation of the Double Jeopardy Clause. Putting aside the procedural flaws in Verrill's petition,[5] this claim is contrary to law, frivolous, and is not supported by the cases he cites.

The writs of audita querela and coram nobis are encompassed under the All Writs Act, 28 U.S.C. §1651. The requirements for those writs are similar, see United States v. Iacaboni, 592 F.Supp.2d 216, 221-22 (D.Mass. 2009), and include a showing of: (1)"a valid reason why the

---

[3] See Government's Response to Petitioner's Motion for Summary Judgment (Doc. #170) ["Obj. to SJ Motion'] and Verrill's "Objection to the Government's Response to Petitioner's Motion for Summary Judgment and Request for Relief in Petitioner's Favor" (Doc. #171) ["SJ Reply"].

[4] Notwithstanding his motion for summary judgment, Verrill paradoxically requests an evidentiary hearing on unidentified disputed issues of fact. (SJ Reply at 4.) No hearing is necessary, however, as the facts are established by the record in this case and there is no dispute as to the components of Verrill's sentence. See Valentin v. Hospital Bella Vista, 254 F.3d 358, 364 (1st Cir. 2001) (evidentiary hearing not necessary where parties have otherwise presented relevant facts and arguments). Cf. David v. United States, 134 F.3d 470, 477 (1st Cir.1998) (district court may forego an evidentiary hearing when "the movant's allegations, even if true, do not entitle him to relief, or ... [when] the movant's allegations need not be accepted as true because they state conclusions instead of facts, [or] contradict the record ... .")

[5] The petition is entitled "Petition for Extraordinary Relief in the Nature of Audita Querela, Mandamus, Coram Nobis, Coram Vobis, Prohibition, Habeas Corpus, and/or Injunctive or Any Other Extraordinary Relief pursuant to Title 28 USC §1651." While the title invokes a number of theories of relief -- none of which are discussed in the petition -- this Court construes the petition as requesting relief under §1651 and in particular, the writs of audita querela and coram nobis, see Trenkler v. United States, 536 F.3d 85, 90 (1st Cir. 2008) (noting similarities in writs under §1651), and addresses the merits of Verrill's claim.

'petitioner did not earlier seek relief from the judgment,'" (2)"significant collateral consequences from the judgment" from which the petitioner continues to suffer, and (3) "an error of 'the most fundamental character,' relevant to the [judgment]."Id. at 220-21 (citing Hager v. United States, 993 F.2d 4, 5 (1st Cir.1993), in turn quoting United States v. Morgan, 346 U.S. 502, 512 (1954)).

Here, even assuming that Verrill could clear the first two hurdles, he cannot satisfy the third. There was simply no error, let alone a fundamental one. The three counts on which Verrill was convicted included: conspiracy to commit armed robbery, in violation of 18 U.S.C. §371 (Count I); armed bank robbery, in violation of 18 U.S.C. §2113(a)(Count II), and being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(Count V). For each violation, the statute authorizes a term of imprisonment and a fine.

In addition, 18 U.S.C. §3013 requires the imposition of a special assessment as to each offense.[6] See United States v. Luongo, 11 F.3d 7, 10 (1st Cir. 1993). Such assessment is a punishment and is merely a portion of the sentence for that offense. See United States v. King, 824 F.2d 313, 3170 (4th Cir. 1987).

Thus, Courts have held that only one sentence exists, and there is no double jeopardy, where the sentence imposed for an individual offense consists of a term of imprisonment, a term of supervised release pursuant to 18 U.S.C. § 3583, and a special assessment pursuant to 18 U.S.C.

---

[6] At the time Verrill was sentenced, the special assessment was $50 per felony offense for an individual defendant. See 18 U.S.C. § 3013, as codified in 1995, which provided in pertinent part:
§ 3013. Special assessment on convicted persons
(a) The court shall assess on any person convicted of an offense against the United States --
  *  *  *
(2) in the case of a felony—
  (A) the amount of $50 if the defendant is an individual; . . .
(b) Such amount so assessed shall be collected in the manner that fines are collected in criminal cases.
  *  *  *

§3013. See e.g., Nolan v. United States, No. 4:06CV0007, 2007 WL 3564597 at *5 (E.D. Mo., Nov.15, 2007)("The term of imprisonment together with the term of supervised release and a special assessment, all required by statute, form only one sentence."); Blackwell v. United States, No. 2:07-CV-487, 2008 WL 4619801 at *6 (S.D.Ohio Oct.15, 2008) (Report and Recommendation)(same).

The case law cited by Verrill does not support his claim. In Ray v. United States, 481 U.S. 736 (1987), the Court held that the "concurrent sentence doctrine"-- under which an appellate court may avoid the resolution of legal issues affecting all counts of a multi-count conviction where at least one count has been upheld and the sentences are concurrent, see United States v. Barel, 939 F.2d 26, 36 (3d Cir.1991) -- could not be applied where a special assessment was applied to each count of conviction. 481 U.S. at 737.

In Rutledge v. United States, 517 U.S. 292 (1996), the Supreme Court held that where defendant was convicted under both 18 U.S.C. §846 and 848, the §846 offense was a lesser included offense of the §848 offense and thus one of the convictions must be reversed. Id. at 303. In the course of so holding, the Court rejected the Government's argument that the district court could enter judgment on both counts but permit only one sentence to be imposed, noting that "18 U.S.C. § 3013 requires a federal district court to impose a ... special assessment for every conviction" and that because "a separate assessment under § 3013 "was imposed on both convictions in this case[,] ... [a]s long as § 3013 stands, a second conviction will amount to a second punishment." Id. at 301. The Court further concluded that the fact that the sentences for the two counts were imposed concurrently did not save the second conviction, since the special assessment under §3013 on the conspiracy conviction "was ... a collateral consequence of the [that] conviction." Id. at 302-03.

Here, Verrill appears to confuse the principle that where there are multiple counts of conviction, each special assessment imposed constitutes a separate punishment for purposes of

double jeopardy with the erroneous assertion that satisfaction of his obligation to pay his special assessments somehow relieves him of the obligation to serve other portions of his sentence (i.e., imprisonment and supervised release).

No case supports Verrill's argument that his continued incarceration violates the Double Jeopardy Clause once he paid the special assessments.[7] The reason for that is simple: the special assessment is only one part of a single punishment and does not constitute double jeopardy. See Rutledge, 517 U.S. at 302-303. Contrary to Verrill's contention, the special assessments here were not 'consecutive' but merely components of three valid sentences for his separate offenses. Thus, Verrill's claim fails.

This Court has considered all of Verrill's other cited cases and arguments in support of his petition and finds them to be inapposite and without merit.

---

[7] The additional cases Verrill cites are all distinguishable and do not assist him. In Re Bradley, 318 U.S. 50 (1943), United States v. Holmes, 822 F.2d 481 (5th Cir. 1987), and United States v. Schiffer, 351 F.2d 91 (6th Cir. 1965), were cases which addressed whether the payment of a fine for contempt constituted full satisfaction of a contempt conviction, where a term of imprisonment had also been imposed. Because the contempt statute authorized the imposition of a fine or a term of imprisonment, but not both, release of the defendant/petitioner was required once the fine was paid. See Holmes, 822 F.2d at 486. Verrill's case here is distinguishable, as the statutes applicable to him authorized multiple parts of a punishment (jail, fine, supervised release, restitution, special assessment), not alternative punishments. See 18 U.S.C. §§ 371, 2113(a) and 922(g) and 3013.
    Likewise inapposite is United States v. Cesare, 581 F.3d 206 (3d Cir. 2009), involving a defendant convicted and sentenced for both armed robbery and bank robbery. There, the Third Circuit found that the concurrent sentence and special assessment on the bank robbery conviction constituted unauthorized punishment for the same offense as the armed robbery conviction and ordered dismissal of the bank robbery conviction. Here, any double jeopardy or merger issues that may have existed in Verrill's case were resolved at sentencing when the Court dismissed, at the Government's request, the bank robbery conviction and proceeded only on the armed bank robbery conviction.
    The cases cited by Verrill in support of his motion for summary judgment are likewise inapposite, as the Government points out in its objection. (See Obj. to SJ Motion at 3.)

## CONCLUSION

In view of the foregoing considerations, Verrill's petition for relief is DENIED and DISMISSED.

## RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings in the United States District Courts ("§ 2255 Rules") -- to the extent applicable -- this Court hereby finds that this case is <u>not</u> appropriate for the issuance of a certificate of appealability (COA), because Verrill has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. §2253(c)(2).

Verrill is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. <u>See</u> § 2255 Rule 11(a).

SO ORDERED:

/s/ Mary M. Lisi

Mary M. Lisi
Chief United States District Judge

September 28, 2011